**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

**FILED**

3:42 pm, 5/19/26

**Margaret Botkins
Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL SCOTT HOPPER
_____ ,

Defendant.

No. ___26-CR-28-J___

## ORDER DENYING MOTION TO RECONSIDER

This matter is back before the Court on Defendant's Motion to Reconsider the Court's Order Dismissing Indictment Without Prejudice. (Def.'s Mot. to Reconsider the Court's Order Dismissing the Indictment Without Prejudice ("Def.'s' Mot. to Reconsider").) As with the motions previously decided by this Court for defendants across the District (collectively "Defendants"), the Court addresses all Defendants' motions in one order.[1] Having considered the motions, the record, and the applicable law, the Court denies the motions.

### BACKGROUND

This case presents fast-moving and unique circumstances.[2] Beginning on April 24, 2026, Defendants moved to dismiss alleging the U.S. Attorney's statements before the grand jury venire deprived them of the right to an indictment by an unbiased and independent grand jury.

---

[1] Each Defendant has filed the same motion in their respective cases. *United States v. Hopper*, No. 26-cr-28-ABJ (ECF No. 44); *United States v. Swett*, No. 26-cr-30-SWS (ECF No. 36); *United States v. Allen*, No. 26-cr-31-ABJ (ECF No. 27); *United States v. Antelope*, No. 26-cr-34-ABJ (ECF No. 36); *United States v. Jacoby*, No. 26-cr-35-SWS (ECF No. 47); *United States v. Miller*, No. 26-cr-36-ABJ (ECF No. 41); *United States v. Duran*, No. 26-cr-38-SWS (ECF No. 37), *United States v. Ocon*, No. 26-cr-39-SWS (ECF No. 50).

[2] Full recitation of the facts is contained in the Court's Order Dismissing Indictment without Prejudice.

1

The Government filed its responses on May 8, 2026. On May 15, 2026, this Court granted the relief requested in Defendants' motions— "an order dismissing the indictment." (Mot. to Dismiss Indictment Due to Prosecutorial Misconduct and Structural Defect in Grand Jury Proceeding ("Def.'s Mot. to Dismiss") at 1.) In addition, to avoid any further taint or prejudice to Defendants, the grand jury previously impaneled on March 16, 2026, was discharged, and a new grand jury was impaneled on May 18, 2026.

Unsatiated with the Court's granting of their motions, Defendants now file motions for reconsideration, arguing their indictments should have been dismissed *with prejudice*, or the Court must disqualify the entire U.S. Attorney's Office for the District of Wyoming and discipline the U.S. Attorney. (Def.'s' Mot. to Reconsider at 3.) In their motions to dismiss the indictments, Defendants failed to take a position on whether the dismissal should be with, or without prejudice, and now fashion it into a motion to reconsider. *See generally* (Def.'s Mot. to Dismiss). Defendants allege this is proper because they were "about to" file their reply with these arguments but the Court docketed its Order before they could.[3] (Def.'s Mot. to Reconsider at 1 n.1.)

This Court's issuance of an order granting Defendants' motions to dismiss before Defendants filed their reply briefs created no prejudice, and Defendants' conclusory motion to reconsider, in addition to failing to identify any prejudice, lacks factual and legal merit.

## **LEGAL STANDARD**

The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, as the Supreme Court has recognized, such motions have utility by "giving district courts the opportunity to promptly

---

[3] Recognizing the gravity of the issues at stake, the Court docketed its Orders beginning around 10:30 a.m. on Friday, May 15, 2026. The Court notes Defendants' deadlines were Friday, May 15, 2026, at 11:59 p.m.

correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976); *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("Motions to reconsider are proper in criminal cases.").

In the criminal context, the Tenth Circuit "has imported the standard from Federal Rule of Civil Procedure 60(b) to decide motions for reconsideration." *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022). Thus, a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Id.* "The specific grounds which allow granting such motions include '(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* Moreover, "a motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). This is not one of those rare circumstances.

## DISCUSSION

### I.    Dismissal with Prejudice Is Neither Warranted nor Necessary

As a general rule, "the dismissal of an indictment does not bar the government from seeking re-indictment if, in so doing, it can cure the defect that required the dismissal of the original indictment." *United States v. Slough*, 679 F. Supp. 2d 55, 58 (D.D.C. 2010) (citing *United States v. Ball*, 163 U.S. 662, 672 (1896)). Dismissal with prejudice is an exceptional remedy, generally requiring a showing that the misconduct has incurably affected a defendant's ability to be indicted by an unbiased and independent grand jury or obtain a fair trial. That is not the case here. Tellingly, in each case cited by Defendants, the courts found dismissal without prejudice was the proper remedy in the face of prosecutorial misconduct. *See United States v. Acquest Dev., LLC.*, 932 F. Supp. 2d 453, 462–63 (W.D.N.Y. 2013) (dismissing *without prejudice* where the court found "this is the rare case in which no remedy short of dismissal can adequately

3

vindicate defendants' Fifth Amendment rights"); *Slough*, 679 F. Supp. 2d at 61–62 ("[A]lthough the prosecution's distorted presentation of witness testimony, gratuitous remarks about the defendants' failure to appear before the grand jury and other purported missteps raised by the defendants may have justified dismissal of the indictment, the court is not persuaded that these actions warrant the imposition of a permanent bar on any investigation into their alleged criminal conduct."); *United States v. Lawson*, 502 F. Supp. 158, 172 (D. Md. 1980) (dismissing *without prejudice* where the facts "demonstrate[d] unequivocally" that the prosecutor's conduct and ethics fell short of what was required and was, at times, "patently egregious," resulting in the denial of defendants' constitutional right to an unbiased grand jury).

While the Tenth Circuit has not squarely addressed this issue for Fifth Amendment violations of the right to an independent and unbiased grand jury, this Court finds *United States v. Orozco* instructive. 916 F.3d 919 (10th Cir. 2019). In *Orozco*, the Tenth Circuit considered prosecutorial misconduct that resulted in a Sixth Amendment violation and found "the district court abused its discretion in dismissing the superseding indictment with prejudice rather than ordering a new trial." *Id.* at 925–26 ("The district court never addressed why more narrowly tailored sanctions would not have provided a sufficient deterrent effect, and we therefore conclude that the government should be permitted to retry Mr. Orozco. On remand, the district court should endeavor to tailor any restrictions on the government to curing the Sixth Amendment violation."). Specifically, the Tenth Circuit emphasized other "less drastic remedies were available" to cure the potential risk of harm to the defendant, and the remedy must be tailored "to curing [the specific] violation." *Id.* In that case, the specific harm was the risk of impeachment, so "the district court could have . . . prohibit[ed] the government from impeaching [the defendant] using his recent conviction." *Id.*; *see also id.* at 926 (explaining "[t]he bad faith

4

conduct found by the district court did not justify imposing a remedy that failed to 'preserv[e] society's interest in the administration of criminal justice.'"). Turning to the other circuits, the Fifth Circuit has been the clearest in requiring incurable prejudice to the defendant's ability to have a new indictment or fair trial going forward:

> [T]he extreme sanction of dismissal with prejudice [may be used] only in extraordinary situations *and only where the government's misconduct has prejudiced the defendant.* A district court exceeds the proper bounds of its power to order dismissal of an indictment with prejudice when it fails to consider whether less extreme sanctions might maintain the integrity of the court without punishing the United States for a prosecutor's misconduct.

*United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988) (emphasis added); *accord United States v. Isgro*, 974 F.2d 1091, 1097 (9th Cir. 1992) ("[D]ismissal of an indictment, particularly with prejudice, is a drastic measure. Accordingly, the Supreme Court has cautioned that when faced with prosecutorial misconduct, a court should "tailor[] relief appropriate in the circumstances.").

For the vast majority of courts that have dealt with this issue, "the better view is to allow reindictment upon dismissal if the new grand jury would not be affected by the prior government improprieties." *Lawson*, 502 F. Supp. at 172 (citing *United States v. Serubo*, 604 F.2d 807, 818 (3d Cir. 1979) (remanding to the district court to determine where "the improprieties to which we have referred[,] infected the proceedings before the second grand jury[.] . . . If the second grand jury was insulated from the effects of the [prosecutor's] misconduct, and no similar misconduct occurred in his [new] presentation . . . the motion to dismiss may be properly denied")). Put another way, if it would be possible to "restore the defendant to the position he would have been in but for the alleged violation," dismissal without prejudice is the proper remedy. *United States v. Leeper*, No. 06-CR-58A, 2006 WL 1455485, at *5 n.7 (W.D.N.Y. May 22, 2006); *United States v. Omni Int'l Corp.*, 634 F. Supp. 1414, 1423, 1438, 1440 (D. Md. 1986) (dismissing *without prejudice* even where the court's "exhaustive research reveals no case in which Government personnel

5

committed repeated misconduct in so many forms as has occurred here," reasoning "[defendants] have no . . . right to bar forever investigation into their alleged criminal conduct"); *see also Lawson*, 502 F. Supp. at 172 (declining to dismiss the indictment with prejudice because "there has been no showing that the actual evidence against the defendants is tainted irrevocably, or that there exists in this District a pattern of prosecutorial misconduct that is "widespread or continuous" (quoting *United States v. Fields*, 592 F.2d 638, 648 (2d Cir. 1978) (finding the misconduct was not widespread or continuous where it was "an isolated instance of misconduct by two employees of a large government agency . . . and there is no contention that SEC employees generally fail to disclose to defense counsel the release of relevant information or a criminal reference to the Department of Justice . . . [and the court] know[s] of no other instance where this has occurred"))).

Finally, in *Bank of Nova Scotia*, the Supreme Court cautioned against "granting a windfall to the unprejudiced defendant" and supported "focus[ing] [the sanctions] on the culpable individual." 487 U.S. 250, 263 (1988). The idea of preventing a "windfall to the unprejudiced defendant," has been echoed throughout the lower courts.

> Although defendants do have a constitutional right to an informed and unbiased grand jury, they have no concomitant right to bar forever investigation into their alleged criminal conduct. . . . [Thus,] [w]hile defendants are entitled to the remedy of dismissal for violations of their constitutionally protected rights, they are not entitled to the reward of permanent immunity respecting their alleged criminal conduct. . . . [T]he costs to society are simply too high.

*Lawson*, 502 F. Supp. at 172–73 (collecting cases); *see, e.g.*, *Isgro*, 974 F.2d at 1099 (reversing the district court's dismissal with prejudice, even where the prosecutor's misconduct "clearly rose to an intolerable level" because "dismissing the indictment is simply an unwarranted 'windfall' to the defendants").

Based on a consideration of the facts and applicable law, this Court's remedy of dismissal without prejudice was appropriate and removes any taint or prejudice. Contrary to Defense

counsel's embellishment, there is no evidence of institutional cover-up or systemic failure. This Court has been presiding over the grand jury selection process in the District of Wyoming for decades. This instance is the first time there has ever been any questionable or problematic conduct by a U.S. Attorney or an Assistant U.S. Attorney. The conduct was isolated and limited to the U.S. Attorney's inappropriate and improper remarks. *See Fields*, 592 F.2d at 648 (finding the misconduct was not widespread or continuous where it was "an isolated instance of misconduct by two employees of a large government agency . . . and there is no contention that SEC employees generally fail to disclose to defense counsel the release of relevant information or a criminal reference to the Department of Justice . . . [and the court] know[s] of no other instance where this has occurred"). That grand jury has been discharged, and it is expected the U.S. Attorney will avoid any repeat of his previous misconduct. While counsel for Defendants assert the "the misconduct was known to multiple attorneys and deliberately withheld," (Def.'s Mot. to Reconsider at 2), such an assumption is unwarranted and ill-advised. Nothing has been suppressed, and the Court has no reason to believe there has been a failure by any Assistant U.S. Attorney to take appropriate action and seek appropriate guidance.

This Court is confident that the misconduct occurring before the previous grand jury selection and presentation will not be repeated. *See, e.g.*, *Lawson*, 502 F. Supp. at 173 ("[T]he court is confident that prosecutors in this District will not be likely to engage in future improprieties. Further, they have now been forewarned. To the extent that this court does have supervisory power to dismiss the indictment with prejudice, the court, in its discretion, declines to exercise that power in this case."). The Court is also confident that if any concerns are raised it will be brought to this Court's attention.

II.    **Disqualification of the Entire U.S. Attorney's Office is not Supported by Attorney-Specific Factual Findings Showing a Genuine Conflict of Interest**

As an alternative to dismissing with prejudice, Defendants assert this Court must disqualify the entire U.S. Attorney's Office for the District of Wyoming. Disqualifying "[g]overnment counsel is a drastic measure[,] and a court should hesitate to impose it except where necessary." *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003) (quoting *Bullock v. Carver*, 910 F. Supp. 551, 559 (D. Utah 2003)); *see, e.g.*, *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 790 (1987) (finding the disqualification of government counsel was necessary where the prosecutor also represented another party, creating an actual conflict of interest); *United States v. Bolton*, 905 F.3d 319, 322 (10th Cir. 1990) (finding the district court "did not abuse its discretion in refusing to disqualify an assistant prosecutor for the Government despite the appearance of impropriety"). Because disqualifying government attorneys implicates separation of powers issues, the "generally accepted remedy is to disqualify 'a specific Assistant United States Attorney . . . , not all the attorneys in' the office." *Bolden*, 353 F.3d at 879 (quoting *Crocker v. Durkin*, 159 F. Supp. 2d 1258, 1284 (D. Kan. 2001)). As of 2003, the Tenth Circuit noted "every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." *Id.* (collecting cases).

Moreover, as the Tenth Circuit "stress[ed]," a "district court must make attorney-specific factual findings and legal conclusions before disqualifying attorneys from the USA's office." *Id.* at 880; *see also Fullmer v. Harper*, 517 F.2d 20, 22 (10th Cir. 1975) ("[T]he trial court should . . . make specific findings and conclusions [before disqualification], to the end that this court will then have a record before it which will permit a meaningful review, should review be sought.").

This Court has extensively reviewed the record, and based on that record, it dismissed the indictments, discharged the grand jury impaneled on March 16, 2026, and impaneled a new

8

grand jury on May 18, 2026. The Court believes this remedy is adequate and the problematic conduct, limited to the U.S. Attorney, will not be repeated, and if so, it will be reported. Bare speculation that Assistant U.S. Attorneys are incapable of carrying out their ethical obligations before the grand jury is not supported by the record. *See, e.g.*, (United States' Resp. to Def.'s Mot. to Dismiss Indictment due to Prosecutorial Misconduct and Structural Defect in Grand Jury Proceeding ("Pl.'s Resp.") at 4) (reporting an Assistant U.S. Attorney who witnessed the U.S. Attorney make an improper comment, "corrected that statement [to the grand jury]"). Otherwise, Defendants have not a shown any conflict of interest that would warrant such a "drastic measure."[4] *Bolden*, 353 F.3d at 878.

### III.    Disciplinary Remedies

Defendants also seek to have this Court impose "disciplinary remedies" on the U.S. Attorney. (Def.'s Mot. to Reconsider at 5.) This Court is keenly aware of its obligations under the Code of Judicial Conduct and will take appropriate action as it deems necessary to prevent harm to those affected by any misconduct and to prevent reoccurrence.

---

[4] All parties are reminded that under Fed. R. Crim.P. 6(e)(1), "[e]xcept while the grand jury is deliberating or voting, **all proceedings must be recorded by a court reporter or by a suitable recording device."** (emphasis added). Nonetheless, any concerns about the lack of official court recordings while the remarks in question were being made are assuaged because the rule makes clear that "the validity of a prosecution is not affected by the unintentional failure to make a recording." *Id.*

## CONCLUSION

The Court believes the remedy imposed for the misconduct that occurred is sufficient and appropriate. Defendants' suggestion otherwise is supported by neither the facts, nor the law. Contrary to Defendants' speculation, this Court believes the U.S. Attorney's Office for the District of Wyoming understands its obligations to this Court, and more importantly to the Constitution. Therefore, Defendant's Motion to Reconsider is hereby **DENIED**.

Dated this 19th day of May 2026.


Kelly H. Rankin
Chief United States District Judge


Alan B. Johnson
United States District Judge


Scott W. Skavdahl
United States District Judge